IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 11-237 |
| | ) |
| GATHON DUDLEY SHANNON, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 15th day of December, 2014, upon consideration of the Defendant's "Motion to Reconsider Denial of Bond" (Doc. No. 267) filed in the above captioned matter on September 30, 2014, and the Government's Response thereto (Doc. No. 268), filed on October 20, 2014,

IT IS HEREBY ORDERED that said Motion is DENIED.

On October 17, 2011, upon the Government's appeal of the United States Magistrate Judge's Order of Release as to Defendant Gathon Dudley Shannon and his two co-defendants, Adrian Taylor and Vincent Middlebrooks, this Court held a hearing to determine whether to detain these individuals pending trial pursuant to 18 U.S.C. § 3142. After considering the transcript of the proceedings held before Magistrate Judge Maureen P. Kelly on October 4, 2011, the Pretrial Services reports, and the evidence presented at the hearing, the Court ordered all three defendants to be detained pending trial. On December 12, 2011, Defendant Shannon filed a motion to reconsider the Court's denial of bond based on new evidence. The Court denied this motion on December 19, 2011.

1

Co-defendants Taylor and Middlebrooks both ultimately changed their pleas to guilty. Defendant Shannon, however, proceeded to trial. On December 11, 2012, he was convicted at Count One of the superseding indictment, charging him with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The jury found that the amount of cocaine involved in the conspiracy was less than 500 grams. Defendant was acquitted at Count Two, which charged him with distributing and possessing with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii). On April 22, 2013, Defendant was sentenced to a term of imprisonment of 240 months and a term of supervised release of 6 years. However, on September 8, 2014, the United States Court of Appeals for the Third Circuit vacated Defendant's conviction at Count One and remanded for a new trial. Defendant has now asked the Court to reconsider its Order of detention in light of the Third Circuit's reversal of his conviction. While the Court will reconsider its Order to the extent that it will discuss its rationale for not changing its original decision, it will deny Defendant's request.

As the Court explained in October of 2011, 18 U.S.C. § 3142 provides that the Court can detain a defendant only if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §§ 3142(e) and (f); United States v. Traitz, 807 F.2d 322, 324 (3d Cir. 1986). In a case where there is probable cause to believe that the defendant committed certain offenses, including an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more,[1] there is a rebuttable presumption that no condition or

---

[1] An indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under 18 U.S.C. § 3142(e). See United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). However, as discussed herein, the Court has had the

combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. See 18 U.S.C. § 3142(e)(3)(A). The Government bears the burden of establishing by a preponderance of the evidence that the defendant poses a risk of flight, see United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986), and must establish that no condition or combination of conditions will reasonably assure the safety of any other person and the community by clear and convincing evidence. See 18 U.S.C. § 3142(f)(2). In order to rebut the statutory presumption pursuant to Section 3142(e)(3), a defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a danger to the community. See United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). However, although the presumption of Section 3142(e)(3) shifts the burden of producing evidence to the defendant, the burden of persuasion remains with the Government. See Suppa, 799 F.2d at 119. In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court should consider the following factors:

>  (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
>  (2) the weight of the evidence against the person;
>
>  (3) the history and characteristics of the person, including –
>
>  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

---

benefit of considering the evidence presented at trial and therefore has an independent basis for determining whether probable cause exists.

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

At the October 17, 2011 hearing, the Court found that probable cause existed to believe that the defendants committed the charged offenses, which constituted offenses under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, and that Section 3142 therefore created a rebuttable presumption that no condition or combination of conditions would reasonably assure their appearance as required and the safety of the community. The Court further found that, regardless of whether the defendants submitted sufficient evidence to rebut the statutory presumption, the Government had proven by clear and convincing evidence that the defendants posed a risk of flight and/or a danger to the community. With regard to Defendant Shannon, the Court specifically noted his lack of ties, family or otherwise, in the community and Western Pennsylvania in general. The Court also stated that although Defendant Shannon was gainfully employed at the time of his arrest as a truck driver, he also had prior felony offenses for drug distribution for which he served a significant term of imprisonment. While the Court took notice of the fact that he subsequently served five years of supervised release without incident, it ultimately found that his lack of ties to the area as well as his prior drug dealing offenses warranted an order of detention.

Since making these findings, several things have happened. First, Defendant Shannon was found by a jury, beyond a reasonable doubt, to have participated in a drug-trafficking conspiracy. This goes well beyond the finding of the Court that there was probable cause that Defendant had committed the crime in finding that he should be detained in the first place. This

4

Court heard the evidence at Defendant's trial and agrees that it was shown, beyond a reasonable doubt, that Defendant committed the drug-trafficking offense charged at Count One. While, as he points out, this conviction has been vacated because of an evidentiary issue that the Third Circuit declined to consider to be harmless error, the Court, for purposes of detention under Section 3142, does not believe that this issue changes the fact that the evidence supports the jury's finding that Defendant committed the offense charged at Count One.[2] Likewise, although Defendant was acquitted at Count Two, the conduct charged at Count One, standing alone, remains a very serious offense.[3]

There are other changed factors since the Court's ruling in October of 2011 that further support a finding that Defendant should remain detained pending trial. For one thing, the Court learned, or at least confirmed, that although Defendant was indeed gainfully employed at the time of his arrest as a truck driver, he actually used that position in participating in the drug-trafficking conspiracy. Further, the Court found that Defendant testified falsely at trial regarding several material matters, including whether he previously had passengers in his truck and why he was at the truck stop on September 29, 2011, and, accordingly, enhanced his sentence pursuant

---

[2] The Third Circuit declined to address directly the admissibility of Defendant's prior convictions under Federal Rules of Evidence 404(b) and 609(b). While the Circuit Court discussed the standard of admissibility generally in light of the recent decision in United States v. Caldwell, 760 F.3d 267 (3d Cir. 2014), it did not indicate how this law would apply to the facts of this case. Although this Court would, of course, apply the proper law in determining the admissibility of Defendant's prior convictions at a retrial, it will not, for purposes of this motion, assume that they would be found to be inadmissible. Moreover, even if the convictions were not admissible at trial, Defendant's criminal history is still a consideration pursuant to Section 3142(g) that the Court must weigh in determining whether to detain him.

[3] The Third Circuit also declined to address Defendant's Sixth Amendment arguments under Alleyne v. United States, 133 S. Ct. 2151 (2013). This Court notes, though, that the Circuit Court subsequently rejected the argument that Alleyne proscribes judicial fact-finding with regard to drug quantities in determining a defendant's recommended sentencing range under the United States Sentencing Guidelines in United States v. Freeman, 763 F.3d 322 (3d Cir. 2014).

to USSG § 3C1.1, a finding that draws into serious question the credibility of any assertion by Defendant that he will not flee or present a risk to others.

Ultimately, the only things that Defendant can point to that have changed are that he was acquitted of some of the charged conduct and that he has not been disciplined since being incarcerated in this matter. These considerations are more than offset by the fact that, whereas in 2011 there was nothing more than probable cause that he had committed a serious drug offense, substantial evidence has now been presented to establish that he had done so, evidence substantial enough for a jury to find, beyond a reasonable doubt, that he had committed the offense. In light of this, along with the Court's obstruction finding and all of the other factors, the Court finds that, if anything, there is greater cause to detain Defendant now than there was in October of 2011. Accordingly, Defendant's motion is denied, and he will remain in custody pursuant to the Court's October 17, 2011 Order.

                      s/Alan N. Bloch
                      United States District Judge

ecf:    Counsel of record