IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 11-237 |
| ) | |
| GATHON DUDLEY SHANNON, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 15th day of May, 2015, upon consideration of Defendant Gathon Dudley Shannon's pro se "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (document No. 286) filed in the above captioned matter on April 29, 2015,

IT IS HEREBY ORDERED that said Motion is DENIED. On April 22, 2013, the Court sentenced Defendant to a term of imprisonment of 240 months for having been convicted of one count of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 18 U.S.C. § 846. In so doing, the Court applied the United States Sentencing Guidelines effective as of November 1, 2012, and found that Defendant's base offense level, based on the amount of cocaine attributable to him, was 34. However, on September 8, 2014, the Third Circuit Court of Appeals vacated Defendant's conviction and sentence and remanded the matter back to this Court. Defendant subsequently informed the Court that he had reached a plea agreement with the Government and that he intended to plead guilty to the drug trafficking offense on remand. The Court scheduled a change of plea and sentencing hearing for March 26, 2015. At that time, Defendant pled guilty, and the Court imposed the term of imprisonment to which the parties agreed, 72 months, which was significantly less than Defendant's original sentence.

Since Defendant's initial sentence was vacated and he was re-sentenced in March of 2015, the amendments to the Sentencing Guidelines which he now seeks to have applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) were already in effect when the sentence to which he is currently subject was imposed. The Court consulted the Guidelines in effect as of November 1, 2014, not the ones used in Defendant's original sentencing, in sentencing him on March 26, 2015, and the relevant amendments were effective at that time. The parties did not, as a part of their agreed-upon sentence, stipulate to a specific drug quantity, or to the base offense level that would apply based on such a quantity. However, the parties, and, in fact, Defendant himself, agreed that the guideline sentencing range found by the Court, which was substantially less than the range found in connection with Defendant's initial sentencing, was appropriate and that the sentence proposed by the parties, and imposed by the Court, fell within that range.

Accordingly, Defendant has already benefitted from the amendments to the drug-quantity tables in the Sentencing Guidelines, rendering retroactive application of those amendments unnecessary and inappropriate. To the extent that he seeks a further reduction based on the factors set forth in 18 U.S.C. § 3553(a), the Court is without authority to do so in the context of a motion pursuant to Section 3582(c)(2). See Dillon v. United States, 560 U.S. 817 (2010). Defendant's motion is therefore denied.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record

        Gathon Dudley Shannon, Reg. No. 56132-080
        FCI Beaumont Low
        P.O. Box 26020
        Beaumont, TX 77720